**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONNA M. JETER,<br>*Plaintiff*,<br>v.<br>FEDERAL BUREAU OF INVESTIGATION,<br>*Defendant*. | Civil Action No. 25-2275 (SLS)<br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Donna Jeter, proceeding pro se, brought this lawsuit against her former employer, the Federal Bureau of Investigation (FBI), over events leading up to her resignation in 2018. In June 2026, the Court dismissed her Title VII claims but permitted her to amend her Complaint to assert claims under the Family and Medical Leave Act (FMLA). Ms. Jeter did so, and the FBI again moved to dismiss, arguing that Ms. Jeter has no right of action under the FMLA. The Court agrees and dismisses her FMLA claims for lack of subject-matter jurisdiction.

## BACKGROUND

The Court described Ms. Jeter's employment history in its prior opinion, *see Jeter v. FBI*, No. 25-cv-2275, 2026 WL 1707625, at *1–2 (D.D.C. June 12, 2026), and recounts only the facts relevant here. The Court draws those facts, accepted as true, from her Amended Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Ms. Jeter began working for the FBI in October 1991 and served as a Management and Program Analyst. Am. Compl. ¶¶ 1–2, ECF No. 16. In May 2018, she developed a "serious health condition requiring ongoing medical treatment." *Id.* ¶ 3. She was hospitalized in a "life-threatening

condition" and underwent emergency abdominal surgery. *Id.* ¶¶ 4–5. Her surgeon requested that she be granted FMLA leave, and the FBI informed her that it had approved 480 hours. *Id.* ¶¶ 6–7.

During her hospitalization and recovery, the FBI repeatedly called Ms. Jeter about "AWOL charges and attendance issues," despite knowing that she was incapacitated. *Id.* ¶ 8. On June 22, 2018, FBI officials visited her mother's home, presented suspension documents, informed Ms. Jeter that her security clearances had been revoked, and demanded the return of FBI property. *Id.* ¶¶ 10–11. They gave Ms. Jeter 10 days to appeal, despite "knowledge that [she] was medically unable to participate in the appeal process during that period." *Id.* ¶ 11. The FBI also "pressured [her] to sign employment-related documents while [she] was under heavy narcotic pain medication[.]" *Id.* at 5. She did not understand the documents and her condition did not improve after the visit. Donna Jeter Decl. ¶¶ 4, 6, 8, ECF No. 20-4. The FBI's "interference with her FMLA rights and retaliation for taking protected leave" forced Ms. Jeter to resign from the FBI on July 6, 2018. Am. Compl. ¶ 14.

Ms. Jeter sued the FBI in July 2025. Compl., ECF No. 1. The Court construed her original Complaint as raising Title VII claims and dismissed those claims with prejudice in June 2026. *Jeter*, 2026 WL 1707625, at *3–6. It nevertheless gave her "an opportunity to amend her Complaint to assert any claim she intended to raise under the FMLA." *Id.* at *6. Her Amended Complaint asserts FMLA interference, FMLA retaliation, and constructive discharge. Am. Compl. at 5–8. The FBI moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mot. to Dismiss, ECF No. 18. That motion is fully briefed and ripe for review. *See* Pl.'s Opp'n to Mot. to Dismiss (Opp'n), ECF No. 20; Def.'s Reply in Supp. of Mot. to Dismiss (Reply), ECF No. 21.

## LEGAL STANDARD

A motion under Rule 12(b)(1) "presents a threshold challenge to a court's jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023). A plaintiff bears the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In evaluating whether a plaintiff has met that burden at the pleading stage, a court may "accept as true all of the factual allegations contained in the complaint." *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). A court must "liberally construe[]" a pro se litigant's complaint and "consider [the] complaint in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (cleaned up).

## DISCUSSION

The FMLA "entitles eligible employees to take unpaid leave for family and medical reasons." *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 160 (D.C. Cir. 2015). The FMLA's enforcement provisions depend on which title covers the employee. Title II covers most federal civil service employees with at least 12 months of qualifying service, *see* 5 U.S.C. § 6381(1), while Title I covers eligible private-sector and public-sector employees, *see* 29 U.S.C. § 2611(2), (4). Title I expressly excludes federal employees covered by Title II. *Id.* § 2611(2).

Title I prohibits interference with protected leave, discrimination against employees who oppose unlawful practices, and retaliation for the exercise of FMLA rights. 29 U.S.C. § 2615(a)(1)–(2); 29 C.F.R. § 825.220(c). Title I expressly authorizes a private action to enforce those protections. 29 U.S.C. § 2617(a)(2). Title II contains no comparable provision or express waiver of sovereign immunity. *See Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018–19 (9th Cir. 1999). Although "the D.C. Circuit has not addressed the question," courts in this District have

aligned with "every circuit court to review this issue" in concluding that "Title I employees have a private right of action, [while] Title II employees do not." *See Manga v. Carranza*, No. 18-cv-437, 2020 WL 1451584, at *6 (D.D.C. Mar. 25, 2020) (collecting cases).

Here, the FBI argues that Ms. Jeter cannot sue under the FMLA because she is covered by Title II. Def.'s Mem. in Supp. of Mot. to Dismiss at 3–5, ECF No. 18-1. Ms. Jeter, a federal employee for nearly 27 years, does not dispute that Title II governs her claims. Am. Compl. ¶ 1; Opp'n at 6. Indeed, she concedes that "[f]ederal employees, including FBI personnel, do not possess a private right of action under Title II of the FMLA." Opp'n at 6. And she states that she is "not asserting an FMLA cause of action" and that her allegations support claims of "discrimination, retaliation, and constructive discharge." *Id.* As the FBI observes, however, each count of the Amended Complaint expressly alleges violations of the FMLA. Reply at 1–2; Am. Compl. at 5–8. Those claims are all barred by sovereign immunity.[1]

The Court does not discount Ms. Jeter's allegations that the FBI treated her unfairly while she was recovering from emergency surgery. Allegations that the FBI interfered with her medical leave and retaliated against her for taking it, repeatedly contacted her, pressured her to sign employment documents while she was incapacitated, and "treated [her] medically necessary absence as misconduct," Am. Compl. at 5–6, are all concerning. But the FMLA does not authorize

[1] Ms. Jeter's constructive discharge claim, which references the FMLA, alleges that the FBI's interference and retaliation "undermined [her] ability to return to work safely and without retaliation[.]" Am. Compl. at 8. Constructive discharge requires a plaintiff to prove that "intentional discrimination existed[.]" *Bajaj v. Turner*, 778 F. Supp. 3d 151, 192 (D.D.C. 2025) (quoting *Douglas-Slade v. LaHood*, 793 F. Supp. 2d 82, 102 (D.D.C. 2011)). To the extent Ms. Jeter seeks to renew a Title VII constructive-discharge claim, the Court already dismissed that claim with prejudice. *See Jeter*, 2026 WL 1707625, at *5 n.2 ("Even assuming that Ms. Jeter intended to raise such a claim, the Court agrees that it must be dismissed.").

her claims, leaving the Court without authority to grant any relief. The Court must dismiss Ms. Jeter's FMLA claims without prejudice under Rule 12(b)(1).

* * *

Ms. Jeter's Opposition raises another potential basis for relief: the Rehabilitation Act. She argues that her "claim properly arises under the Rehabilitation Act" and that interference with medical leave may amount to disability discrimination supported by her allegations of "medical incapacity, coercion, and involuntary separation[.]" Opp'n at 6. Mindful of Ms. Jeter's pro se status, the Court will permit her to raise her new Rehabilitation Act theory, but this time she must file a motion for leave to amend by December 28, 2026, which the Government may oppose within 14 days of service. The Court notes that amendment may be futile. A federal employee must exhaust administrative remedies before bringing a Rehabilitation Act claim. *Doak v. Johnson*, 798 F.3d 1096, 1099 (D.C. Cir. 2015). And the EEOC decision in the record describes claims based on race and reprisal for prior EEO activity, without identifying a disability claim. EEOC Decision 2, ECF No. 20-2. If Ms. Jeter nonetheless moves to amend, any proposed amendment must be limited to the Rehabilitation Act; Ms. Jeter may not renew the dismissed Title VII claims or replead the FMLA claims. If Ms. Jeter does not timely seek leave to amend, the Court will close the case.

**CONCLUSION**

For the foregoing reasons, the Court grants the FBI's Motion to Dismiss, ECF No. 18, and dismisses the FMLA claims without prejudice for lack of subject-matter jurisdiction. A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 23, 2026